# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AKZO NOBEL COATINGS, INC.,

    Plaintiff,

v.                                                        CASE NO.: 8:09-CV-2453-T-30TBM

AUTO PAINT & SUPPLY OF
LAKELAND, INC. and JAMES COLLIER,

    Defendants.
_____/

## ORDER

This Court has for its consideration Plaintiff's Motion to Dismiss Defendants' Counterclaim and incorporated memorandum of law (Dkt. #25) and Defendants' Response thereto (Dkt. #26). The Court has carefully considered the Defendants' Counterclaim (Dkt. #24), the Plaintiff's Motion and accompanying memorandum, Defendants' Response and accompanying memorandum, and concludes that Plaintiff's Motion to Dismiss the Counterclaim should be granted.

## BACKGROUND

This case arises out of defendants (APS and James Collier) alleged breach of a Wholesaler Agreement with Plaintiff (Akzo). *See* (Dkt. #23). On May 6, 2010, Defendants filed their Answer and Counterclaims against Plaintiff alleging five counts: (1) fraudulent inducement, (2) breach of contract, (3) defamation, (4) tortious interference with contracts and advantageous business relationships, and (5) violations under the Florida Deceptive and

Unfair Trade Practices Act (FDUTPA). Plaintiff has moved to dismiss each of Defendant's causes of actions.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion to dismiss, the court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). The court must favor the plaintiff with all reasonable inferences from the allegations within the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). The court must limit its consideration to the pleading and the written instruments attached to it as exhibits. *See* Fed. R. Civ. P. 12(d); *see also GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).

To survive a motion to dismiss, a complaint does not need to state detailed factual allegations, but it must contain sufficient factual material to raise a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material element of a claim. *See Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxfort Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**ANALYSIS**

**I.     APS's claim for fraudulent inducement fails as a matter of law and is dismissed.**

Count I of APS's Counterclaim alleges fraud in the inducement. The elements necessary to state a cause of action for fraud in the inducement are: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation will induce another to act upon it; and (4) reliance on the representation to the injury of the other party. *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So.2d 253, 255 (Fla. 2d DCA 1994), citing *C & J Sapp Pub. Co. v. Tandy Corp.*, 585 So.2d 290, 292 (Fla. 2d DCA 1991). A claim for fraud in the inducement must also be pled with particularity, as required by Rule 9(b), Fed. R. Civ. P. *Tindall v. Gobbons*, 156 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001).

When considering a claim for fraudulent inducement extrinsic evidence may not be considered to contradict the written terms of the agreement. *Rose v. ADT Sec. Servs., Inc.*, 989 So. 2d 1244, 1247 (Fla. 1st DCA 2008). However, in the present case the alleged misrepresentation by Akzo (Plaintiff) that a company known as LKQ Corporation/Keystone would purchase APS (Defendant) was not contradicted in the written agreement. The contract is completely silent on the matter.

Additionally, Section XX of the Wholesaler Agreement contains a merger clause which specifically states that it represents the parties' entire agreement and supersedes any and all prior agreements, promises, covenants, warranties or other representations. The Plaintiff argues that the existence of a merger clause prevents defendants reliance on any

**ANALYSIS**

**I.     APS's claim for fraudulent inducement fails as a matter of law and is dismissed.**

Count I of APS's Counterclaim alleges fraud in the inducement. The elements necessary to state a cause of action for fraud in the inducement are: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation will induce another to act upon it; and (4) reliance on the representation to the injury of the other party. *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So.2d 253, 255 (Fla. 2d DCA 1994), citing *C & J Sapp Pub. Co. v. Tandy Corp.*, 585 So.2d 290, 292 (Fla. 2d DCA 1991). A claim for fraud in the inducement must also be pled with particularity, as required by Rule 9(b), Fed. R. Civ. P. *Tindall v. Gobbons*, 156 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001).

When considering a claim for fraudulent inducement extrinsic evidence may not be considered to contradict the written terms of the agreement. *Rose v. ADT Sec. Servs., Inc.*, 989 So. 2d 1244, 1247 (Fla. 1st DCA 2008). However, in the present case the alleged misrepresentation by Akzo (Plaintiff) that a company known as LKQ Corporation/Keystone would purchase APS (Defendant) was not contradicted in the written agreement. The contract is completely silent on the matter.

Additionally, Section XX of the Wholesaler Agreement contains a merger clause which specifically states that it represents the parties' entire agreement and supersedes any and all prior agreements, promises, covenants, warranties or other representations. The Plaintiff argues that the existence of a merger clause prevents defendants reliance on any

alleged representation before the signing of the Wholesaler Agreement. But, the existence of a merger or integration clause, which purports to make oral agreements not incorporated into the written contract unenforceable, does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement. *Ortiz v. Orchid Springs Dev. Corp.*, 504 So.2d 510 (Fla. 2d DCA 1987); *Nobles v. Citizens Mortgage Corp.*, 479 So.2d 822 (Fla. 2d DCA 1985); *Cas-Kay Enters., Inc. v. Snapper Creek Trading Ctr., Inc.*, 453 So.2d 1147 (Fla. 3d DCA 1984).

Nevertheless, the claim fails because the alleged misrepresentation which fraudulently induced APS was a promise of a future action and is not pled with particularity. *See Cavic v. Grand Bahama Development Co., Ltd.*, 701 F.2d 879, 883 (11th Cir. 1983) and *Thompson v. Bank of N.Y.*, 862 So.2d 768, 771 (Fla. 4th DCA 2003).

An action for fraud generally may not be predicated on statements of opinion or promises of future action, as there is no right to rely on it, and it is not false when made. *Cavic*, 701 F.2d at 883. Rather an action for fraud must be based on a statement concerning a past or existing fact. *Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So.2d 168 (Fla. 4th DCA 1994). APS correctly points out that the courts have recognized an exception to this rule: "where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that said person knew or should have known from facts in his or her possession that the statement was false, then the opinion may be treated as a statement of fact." *See Baker v. United Services Auto. Ass'n*, 661 So. 2d 128 (Fla. 1st DCA 1995); Thor Bear, Inc., 648 So.2d 168; *Chino Elec., Inc. v. United States Fid.*

*& Guar. Co.*, 578 So.2d 320 (Fla. 3d DCA 1991). And, if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation. *Mejia v. Jurich*, 781 So.2d 1175, 1177-78 (Fla. 3d DCA 2001). Although these exceptions exist, the allegations of the Counterclaim do not fit within them.

To begin with, APS does not state who made the alleged misrepresentation. The Court is left wondering whether the person who made the alleged misrepresentation had superior knowledge concerning whether Akzo was capable of causing another company to purchase APS for more than three million dollars. The Court also is uncertain whether the alleged misrepresentation was made without any intention of performance. APS cannot rely on these recognized exceptions without alleging sufficient facts to raise it above the level of speculation. Further, the claim is not pled with particularity. A complaint that states a claim of fraud must satisfy Federal Rule of Civil Procedure 9(b), which states that the complaint set forth: (1) precisely what statements or omissions were made, (2) the time and place of each such statement and person responsible for making them, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Rogers v. Nacchio*, 241 F. App'x 602, 608 (11th Cir.2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

APS's Counterclaim does not set out any specific facts establishing who, when and where the alleged misrepresentation was made. Accordingly, APS has failed to meet Rule 9(b)'s standards and this Count will be dismissed with leave to amend.

## II. APS's claim for Breach of Contract fails as a matter of law and is dismissed.

Count II of APS's Counterclaim alleges breach of contract. Akzo asserts that APS does not point to any particular provision in the Wholesaler Agreement that Akzo has allegedly breached.

The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). APS has not asserted facts sufficient to allege breach of the Wholesaler Agreement. Instead, APS makes a vague allegation that "by failing to timely write contracts for APS's customers and by unilaterally reducing the profit margin for APS procured purchases Akzo has breached the contract." The Wholesaler Agreement makes no mention of any such obligation. However, APS points to the implied covenant of good faith and fair dealing that is part of every contract under Florida law and states that Akzo has breached this duty by preventing APS from performing under the agreement. *County of Brevard v. Miorelli Eng'g., Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997).

While "the implied covenant of good faith and fair dealing is a part of every contract under Florida law," it does not "serve as an independent term within a contract." *Ernie Haire Ford. Inc. v. Ford Motor Co.*, 260 F.3d 1285. 1291 (11th Cir.2001). Rather, "the implied covenant attaches . . . to the performance of a specific contractual obligation." Id. Since Count II of the Counterclaim fails to allege a specific contractual obligation that was breached, APS has failed to allege a basis for the implied duty of good faith and fair dealing. Accordingly, this Count will be dismissed with leave to amend.

**III.     APS's claim for Defamation fails as a matter of law and is dismissed.**

Count III of APS's Counterclaim alleges defamation. Under Florida law, to establish a prima facie case for defamation, the plaintiff must establish that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered damages as a result of the publication. *Thompson v. Orange Lake Country Club, Inc.*, 224 F.Supp.2d 1368, 1376 (M.D. Fla.2002) (citing *Valencia v. Citibank Int'l*, 728 So.2d 330 (Fla. 3d DCA 1999). Additionally, a defamation plaintiff is required to: (a) specifically identify the person who made the alleged defamatory statement; (b) allege the time frame in which the alleged defamatory statement was made; and (c) allege facts that would show that the speaker made the statement within the scope of his or her employment. *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 157-58 (S.D. Fla. 1986).

APS's alleges that Akzo defamed APS when it made "false and defamatory statements concerning APS without reasonable care as to the truth or falsity of those statements." But this is not specific. Accordingly, this Count will be dismissed with leave to amend.

**IV.     APS's claim for tortious interference with advantageous business relationships fails as a matter of law and is dismissed.**

Count IV of APS's Counterclaim alleges tortious interference with advantageous business relationships. The elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and

unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform; and (4) damage to the plaintiff resulting from the third person's failure to perform. *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So.2d 381, 385 (Fla. 4th DCA 1999); Restatement (Second) of Torts § 766 (1979).

Akzo contends that APS does not have a cause of action for tortious interference because Akzo is a party to the agreement and an action for tortious interference can only be raised by a stranger to the agreement. *Seminole Transp. Specialist, Inc. v. Pdm Bridge*, *LLC*, 2009 WL 3822773, *1 (M.D. Fla. Nov. 16, 2009). While saying this, Akzo apparently assumes its contract is the one APS is alleging was interfered with. But the Counterclaim fails to state what business relationship was interfered with. Accordingly, this Count will be dismissed with leave to amend.

**V.    APS's claim for an Unfair or Deceptive Practice under FDUTPA fails as a matter of law and is dismissed.**

Count V of APS's Counterclaim alleges an Unfair or Deceptive Practice under FDUTPA. Akzo contends APS failed to allege how Akzo's conduct constituted an unfair practice as required by Fla. Stat. § 501.204(1). Having reviewed APS's allegations, the Court agrees. To determine whether the alleged conduct violates the FDUTPA, the courts should take into consideration "whether the Federal Trade Commission and other federal courts deem such conduct to be an unfair method of competition or an unconscionable, unfair or deceptive act or practice under federal law." *Fla. v. Tenet Healthcare Corp.*, 420 F.Supp.2d 1288, 1309-10 (S.D. Fla. 2005) (quoting *Mack v. Bristol-Myers Squibb Co.*, 673

So. 2d 100, 105 (Fla. 1st DCA 1996)).

Plaintiffs cannot satisfy this requirement by merely attaching the label "unfair and deceptive" to acts that do not fall within the scope of this section. *See Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, 2006 WL 1814333, at 6-10 (M.D. Fla. July 3, 2006). "Most courts construing claims alleging violations of the Federal Deceptive Trade Practices Act or its state counterparts have required the heightened pleading standard requirements of Rule 9(b)." *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002). "In light of this trend, claims arising under the FDUTPA must be pled with particularity." *Fla. Digital Network v. N. Telecom. Inc.*, 2006 WL 2523163, *5 (M.D. Fla. August 30, 2006).

APS fails to establish that the allegedly unfair and deceptive acts in this case violate rules pursuant to the Federal Trade Commission Act, federally-established standards of unfairness and deception, or "any law, statute, rule, regulation or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3). APS's Counterclaim lists no specific facts to support a violation of this act. Instead, it merely states legal conclusions. For example, APS alleges that Akzo has acted in an "unfair trade practice as defined by Chapter 501 of the Florida Statutes." Accordingly, this Count will be dismissed with leave to amend.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. #25) is GRANTED.

2. Defendants are granted twenty (20) days to replead in a manner consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cv-2453.mtd 25.wpd